IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROME GRIMES,            Plaintiff, | )) |
| vs. | )  No. 3:15-CV-951-M-BH) |
| CHRISTOPHER "CHRIS" SCHULTZ,(a/k/a Kirk England), et al.,            Defendants. | )))  Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial managment. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed March 26, 2015 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

On March 26, 2015, the plaintiff filed this *pro se* civil rights complaint against several employees of Avis/Budget Rental Car Company Distribution Parking Lot and moved to proceed *in forma pauperis*. (docs. 3,4.) By order dated April 2, 2015, the Court found that the plaintiff had enough assets with which to pay the $400 filing fee, and gave him fourteen days to pay it. (doc. 5.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* More than fourteen days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

**II.  IN FORMA PAUPERIS**

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).

Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application states that he receives approximately $751.00 per month in benefits and other income, and that his monthly liabilities total $331.00. He responded to the question about expected monthly income from self-employment with a question mark. He owns two vehicles free and clear. In response to the questions regarding assets, he listed a parcel of land, other assets, and claims in a probate court that "are still being appraised." He lists no dependants. The information in his application shows that the plaintiff has sufficient resources available to pay the filing and administrative fees. His application to proceed *in forma pauperis* should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated April 2, 2015, the plaintiff was given fourteen days to pay the filing fee. (doc. 5.) He was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. Because he failed to comply with an order that he pay the filing fee and has not filed anything else, this case should be dismissed for failure to prosecute or follow an order of the court to pay the filing fee.

## IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 27th day of April, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3