**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEROME GRIMES,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:15-CV-951-M-BH** |
| | ) | |
| **CHRISTOPHER "CHRIS" SCHULTZ,** | ) | |
| **(a/k/a Kirk England), et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for pretrial management. Before the Court are the plaintiff's *"Amended" Objection to Magistrates Findings, Conclusions, and, Recommendations*, and *Application to Proceed In District Court Without Prepaying Fees or Costs*, both filed June 2, 2015 (docs. 15, 16). He appears to seek relief from the judgment dismissing the case (doc. 14) on May 28, 2015. Based on the relevant filings and applicable law, his amended objection should be liberally construed as a motion under Federal Rule of Civil Procedure 59(e), and both motions should be **DENIED**.

## I. BACKGROUND

On March 26, 2015, the plaintiff filed this *pro se* civil rights complaint against several employees of Avis/Budget Rental Car Company Distribution Parking Lot and moved to proceed *in forma pauperis*. (docs. 3,4.) By order dated April 2, 2015, the Court found that the plaintiff had enough assets with which to pay the $400 filing fee, and gave him fourteen days to pay it. (doc. 5.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* After more than fourteen days passed with no action from the plaintiff, it was recommended that his application be denied because it reflected sufficient assets with which to pay the filing fee, and

that the case be dismissed for failure to prosecute or follow court orders.  (*See* doc. 13.)  The plaintiff sought reconsideration of that recommendation based on new information and alleged imminent danger of physical injury.[1]  (*See* docs. 10, 11.)   To the extent that he sought reconsideration, and not to object to the recommendation, the motion for reconsideration was denied.  (*See* doc. 12.)  On May 28, 2015, the recommendation was accepted, and a judgment dismissing the case was entered.  (*See* docs. 13, 14.)

On June 2, 2015, the plaintiff filed his "amended" objection to the recommendation alleging new circumstances based on changes to his financial situation as well as a new application to proceed *in forma pauperis*.  (*See* docs. 15, 16.)  The new application reflects a reduction in his disability payments and greatly reduces the estimated value of his listed assets.  (*See* doc. 16.)  Because the plaintiff is in actuality seeking to alter or amend the judgment dismissing his complaint, his amended objection is liberally construed as arising under Fed. R. Civ. P. 59(e).

## II.   FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the

---

[1]  Jerome L. Grimes has filed hundreds of civil rights lawsuits while he was previously incarcerated, and he was barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g) while he was a "prisoner" for purposes of that section. *See Grimes v. Doe,* No. C 13-2227 JSW (PR) (N. D. Ca. June 28, 2013); *see also* Pacer electronic case locator listing over 450 civil suits under the name Jerome L. Grimes.

"extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the plaintiff's allegation of changed financial circumstance may liberally be construed as an allegation of new evidence that was not previously available, or a manifest error of fact. His new application reflects that his monthly income has been reduced by approximately $270, and he has increased his monthly expenses by $100. Although he now explains that his two vehicles are being used for storage, he does not explain the $3,200 difference in his valuation of the vehicles between his first and second applications. He still owns an interest in a parcel of property. He still has interests in two businesses. Based on his listed assets, his new application shows that the plaintiff has sufficient resources available to pay the filing and administrative fees without undue hardship.

## III.  RECOMMENDATION

The plaintiff's *"Amended" Objection to Magistrates Findings, Conclusions, and, Recommendations*, which has been liberally construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. 59(e),  and his *Application to Proceed In District Court Without Prepaying Fees or Costs*, both filed June 2, 2015 (docs. 15, 16), should be **DENIED**.

**SIGNED on this 3rd day of June, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4